# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1302V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| JEFFREY PREPEJCHAL, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | April 15, 2019 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs; Denial |
| SECRETARY OF HEALTH | * | of Entitlement; Reasonable Basis |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Claudia B. Gangi*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 2, 2015, Jeffrey Prepejchal filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Mr. Prepejchal alleged that the influenza ("flu") vaccine he received on November 7, 2012, caused him to experience a deep vein thrombosis in his left arm. *See* Pet. at 1, filed Nov. 2, 2015 (ECF No. 1). Respondent moved to dismiss the petition, and after considering briefing on the matter as well as the medical record and expert reports filed, I granted Respondent's motion to dismiss on

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

October 5, 2018 (ECF No. 41) ("Decision"). Petitioner subsequently sought review of my dismissal but was unsuccessful.

Petitioner has now moved for a final award of attorney's fees and costs. *See* Appl. for Atty Fees and Costs, filed Apr. 5, 2019 (ECF No. 51) ("Fees Mot."). Petitioner requests a total award of $39,394.70, reflecting $28,993.87 in attorney's fees (billed between November 2014 and March 2019) and $10,400.83 in costs (most of which are attributable to work on this matter by Petitioner's expert, Dr. Eric Gershwin). *See* Ex. A to Fees Mot. at 12–13, filed Apr. 5, 2019 (ECF No. 51-1). Mr. Prepejchal has also filed a Statement pursuant to General Order No. 9 representing that he personally incurred no other costs in connection with his petition. *See* ECF No. 53. Respondent reacted to the Fees Motion on April 8, 2019, indicating that he was satisfied that the Act's requirements for an award of fees and costs had been met, but otherwise deferring the calculation of a reasonable award to my discretion. *See* Response at 2–3 (ECF No. 52).

## ANALYSIS

I have in many cases discussed the legal standard for assessing whether an unsuccessful Vaccine Act claim possessed sufficient reasonable basis for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner can receive a fees award even if his claim fails, but to do so she must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)).

Although Petitioner did not prevail in this case, I find that his claim had sufficient reasonable basis to justify a final award of fees. I must therefore evaluate what amount of award would be proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining what constitutes a reasonable award of attorney's fees is a two-part process. The first step involves application of the lodestar method—"multiplying the number of hours

reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second step involves adjusting the lodestar calculation up or down in light of various relevant factors. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

Petitioner requests the following rates of compensation for Mr. Sadaka: $350.00 per hour for work performed in 2014 and 2015, $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, and $405.00 for work performed in 2019. Fees Mot. at 4. Petitioner also requests that paralegals be compensated for work performed from 2014–19 at the following rates: $135.00 per hour for work performed in 2014 and 2015, $140.00 per hour for work performed in 2016, $145.17 per hour for work performed in 2017, $150.55 per hour for work performed in 2018, and $156.00 per hour for work performed in 2019. *Id.* Finally, Petitioner requests that a law clerk at Mr. Sadaka's firm, Alyssa Schimpf, receive an hourly rate of $175.00 for work done in 2018. *Id.*

Mr. Sadaka, whose practice is located in Englewood, New Jersey, has repeatedly been found to be "in-forum" and therefore entitled to the forum rates established in *McCulloch v. Secretary of Health & Human Services*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and subsequently embraced by the Office of Special Masters. *Arshakyan v. Sec'y of Health & Human Servs.*, No. 15-1004V, 2018 WL 5284592 (Fed. Cl. Spec. Mstr. Sept. 27, 2018); *Hood v. Sec'y of Health & Human Servs.*, No. 17-1642V, 2018 WL 4042195 (Fed. Cl. Spec. Mstr. July 30, 2018); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2018 WL 3986831, at *2 (Fed. Cl. Spec. Mstr. June 26, 2018). The rates requested for Mr. Sadaka and his paralegals fall within the *McCulloch* in-forum ranges and thus do not require adjustment. However, work done by law clerks is traditionally compensated at paralegal rates in the Vaccine

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found that Mr. Sadaka should receive forum rates.

Program. *See, e.g.*, *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925, at *11 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). Accordingly, the rate for Ms. Schimpf will be reduced to the 2018 paralegal rate of $150.55.

The overall hours spent on this matter (66.9 attorney hours and 22.7 paralegal or law clerk hours) appear to be mostly reasonable, with one exception. I note numerous places in the billing records where Mr. Sadaka billed 0.1 hours for *de minimis* tasks that easily could have been subsumed within other time entries. For example, he regularly billed 0.1 hours for tasks involving consideration of case docket entries, such as "Receive/review notice of designation," "Receive/review notice of assignment," "Receive/review notice of appearance," "Receive/review notice of filing" for exhibits filed by his own paralegals, "Receive/review scheduling order," "Receive/review motion for extension of time" for motions filed by his own paralegals, and "Receive/review order granting motion for extension of time." Ex. A to Fees Mot. at 3–11. In total, I count fifty-nine such entries for *de minimis* tasks, resulting in $1,924.72 in attorney's fees generated by approximately 5.9 hours of work.

Other special masters have previously reduced attorney's fee awards for inflated billing records reflecting numerous 0.1- or 0.2-hour entries for activities that would likely take less than one minute. *See, e.g.*, *Wood v. Sec'y of Health & Human Servs.*, No. 15-1568V, 2019 WL 518521, at *3–4 (Fed. Cl. Spec. Mstr. Jan. 11, 2019). I will reduce Mr. Sadaka's billed time for these *de minimis* tasks in a single unit by 50%, resulting in a reduction of $962.36. Taking into account Ms. Schimpf's lowered rate of $150.55, I will therefore award attorney's fees in the amount of **$27,789.46**, an overall reduction of **$1,204.41**.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Petitioner requests costs in the amount of $10,400.83. *See generally* Ex. B to Fees Mot., filed Apr. 5, 2019 (ECF No. 51-2). This includes the cost of a single expert, Dr. Gershwin, who billed a total of 17.75 hours at $500.00 per hour for his work on this case, totaling $8,875.00. *Id.* at 1–4.

I have found that $500.00 per hour is a reasonable rate at which to compensate Dr. Gershwin for his Vaccine Program work, and thus will not adjust the requested rate here. *See Gambrill v. Sec'y of Health & Human Servs.*, No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). However, Dr. Gershwin opined far outside his area of expertise (rheumatology, allergy, and clinical immunology) in discussing Petitioner's deep vein thrombosis, as well as in offering his theory of causation, which was largely dermatological in nature. *See* Decision at 18.

Other special masters have reduced a costs award related to expert work when an expert opined outside his or her area of expertise. *See, e.g.*, *Barclay v. Sec'y of Health & Human Servs.*, No. 07-605V, 2014 WL 2925245, at *7 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) (reducing rate for Dr. Marcel Kinsbourne from $500.00 to $300.00 per hour for work done outside his area of expertise). In this case, I find that Dr. Gershwin spent too much time on a matter in which he lacked significant subject matter expertise. Accordingly, I will not reduce Dr. Gershwin's hourly rate, but will reduce his overall hours by 30%. This results in a reduction of **$2,662.50**.

The remainder of the costs requested have been supported by adequate documentation, and shall be awarded in full. Thus, Petitioner shall be awarded costs in the amount of **$7,738.33.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$35,527.79** (representing $27,789.46 in attorney's fees and $7,738.33 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Mark Sadaka, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                s/Brian H. Corcoran
                                                Brian H. Corcoran
                                                Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.